STATE OF NEBRASKA, EX REL. HERMAN GIESEKE ET AL., v. FRANK E. MOORES, MAYOR; ET AL.

FILED DECEMBER 18, 1901.   No. 12,246.

Commissioner's opinion, Department No. 1.

1. Police: FIRE DEPARTMENT. "The membership of either the police or fire department may be reduced by the board on economic grounds, and in such case men may be dismissed from the service

without a hearing and without an opportunity being given them to show cause against the order of dismissal." *Moores v. State,* 54 Nebr., 486.

2. **Evidence:** Review. Judgment of the trial court will not be disturbed because contrary to the evidence, unless clearly wrong.

Error from the district court for Douglas county. Tried below before Slabaugh, J. *Affirmed.*

*John O. Yeiser,* for plaintiffs in error.

*W. J. Connell, contra.*

Argued orally by counsel for both parties.

Hastings, C.

Error from a denial of a writ of mandamus and judgment for costs against the relators. The only error urged is that the judgment of the trial court is contrary to the evidence. The relators, six in number, procured from the district court of Douglas county, on their affidavits, an alternative writ of mandamus which required respondents, as mayor and chairman and members of the board of fire and police commissioners of the city of Omaha, to answer and show cause why a peremptory writ of mandamus should not issue commanding them to convene said board and restore and reinstate each of the relators to the position of members of the fire department of the city of Omaha, with all its rights, privileges and emoluments. The respondents answered, admitting that they were the mayor and members of the board; admitting that on February 27 the board adopted a resolution providing for a reduction of the force in the fire department for lack of funds; admitting that the chief of the fire department submitted a list of names of members of that department to be dropped, which included those of relators, and recommended that they, with others, be dismissed from the service, and one fire company disbanded, and admitted that this recommendation was adopted and the relators so dismissed. They allege that this action was taken in good faith; was necessitated for lack of funds, and done in conformity with the rules and

regulations of the board; admit that the dismissals were made without charges against the relators and without a hearing; deny that the board at the time knew that the fire department would not really be reduced during the year 1899; deny that it was not the purpose of respondents to reduce it; deny that the resolutions were a subterfuge for political purposes or any others; deny any intention of giving men of other political belief positions; but allege that the action was wholly without political purpose of any kind, and without any intention other than that set forth in the resolution. The affidavits on which the alternative writ was issued alleged that the action of the board in dismissing the relators was contrary to law, in contravention of relators' rights, and entirely void; but that relators, in consequence, were deprived of their positions and refused reinstatement; that the maintenance of the fire department at its full previous membership was necessary to the city of Omaha; that this fact was well known to the members of the board of fire and police commissioners; that the board had no intention at the time that the affiants were discharged to actually and permanently reduce the number of men employed; that the action of the board was a mere subterfuge to dispense with the services of capable men to the end that persons of the same political faith as the members of the board might be employed; that less than 30 days after relators' discharge their places were filled by other men, who have since been continued as members of the fire department; that the right to discharge relators depended upon the lack of funds; that upon a restoration within 30 days of said department to its full force, as it was before January 27, 1899, relators became entitled to reinstatement under the law, and that relators were, when discharged, receiving a salary of $70 per month, which has since then been wholly refused them. December 21, 1900, trial was had in the court, and January 19, 1901, a general finding for respondents was made, and that relators were not entitled to a peremptory writ, and the action was adjudged to be dismissed and the costs taxed to relators.

It is conceded that if the action of the board was in good faith, for the accomplishment of a necessary reduction of expenses, and was carried out without partiality, under the decision of *Moores v. State,* 54 Nebr., 486, it would be lawful. The question, therefore, is simply whether relators have produced enough evidence to impeach the good faith of the council. On the face of the record, as we have it, it would seem that the action of the trial court must be affirmed. The only evidence given here tending to indicate bad faith is the fact that the relator McGreal swears that as the result of his inquiries he had learned that the appointees of the board, for some time prior and subsequent to relators' discharge, were practically all Republican and that the politics of the men discharged were "supposed" to be all Fusionist. It also appears that a number of men were appointed during the five or six months following the relators' discharge; but whether to keep up the force to the number at which it was prior to relators' discharge, or whether it was in place of other employees resigned or dismissed, does not appear. The deposition of P. W. Birkhauser is cited by plaintiff's brief as showing directly that political reasons dictated the action taken in relators' discharge. This deposition is referred to in the bill of exceptions, but is not incorporated in it, does not appear there, and we can not find it anywhere in the record. The respondents, on their part, positively assert that the adoption of the resolution reducing the force was in good faith, was rendered necessary by the financial condition of the city, and that politics had nothing to do with either the discharge of relators or the previous or subsequent appointments by the board, and that the subsequent appointments became necessary because of resignations and dismissals. It is impossible to say, upon this testimony, that the trial court was wrong in dismissing the action of relators.

It is recommended that the judgment be affirmed.

Day and Kirkpatrick, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

NORVAL, C. J.

I concur in the judgment just rendered solely on the ground that the question was determined by the majority of the court in *Moores v. State,* 54 Nebr., 486.